IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


MICHAEL LOE                                                          PLAINTIFF

v.                                      Civil No. 4:13-cv-4097

BANK OF AMERICA, N.A. and
TAYLOR, BEAN & WHITAKER
MORTGAGE CORP.                                                       DEFENDANTS

## ORDER

Before the Court is Defendant Bank of America, N.A.'s ("Bank of America") Motion to Dismiss. (ECF No. 6). Plaintiff Michael Loe ("Loe") has not responded, and the time to respond has passed. Local Rule 7.2(b). The matter is ripe for the Court's consideration. For the following reasons, the motion will be denied.

## BACKGROUND

On September 9, 2013, Loe filed this suit in the Circuit Court of Nevada County, Arkansas against Bank of America and Taylor, Bean & Whitaker Mortgage Corp. In serving Bank of America, Loe addressed the summons: "BANK OF AMERICA, N.A., ATTN: MANAGER." Bank of America removed the case to this Court and then filed the instant Motion to Dismiss.

## DISCUSSION

Bank of America argues that Loe's complaint should be dismissed under Ark. R. of Civ. P. 12(b)(4) and 12(b)(5) because the summons issued to Bank of America was deficient, and therefore process and service of process were insufficient to bring Bank of America within this Court's jurisdiction. Specifically, Bank of America argues that the summons was deficient because Loe addressed the summons to an entity instead of a natural person.

1

To assess the sufficiency of service in a case involving removal, "the Court turns to Arkansas law as service of process occurred prior to removal." *Charkoma Resources, LLC v. JB Energy Explorations, LLC*, No. 09-02118, 2009 WL 3378965, at *3 (W.D. Ark. Oct. 19, 2009). "In Arkansas, it is well-settled that statutory service requirements must be strictly construed and compliance with them must be exact." *Id.* (citing *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003)).   In other words, the technical requirements of a summons set forth in Ark. R. of Civ. P. 4 must be construed strictly and compliance with those requirements must be exact.  *See id.*

Under Arkansas's bright line standard of strict compliance, the summons to Bank of America was defective.  Ark. R. of Civ. P. 4(d)(8) requires service of a summons and complaint upon a defendant to be addressed to "a natural person specified by name."  "A 'natural person' is a 'human being.'"  *Grand Slam Stores LLC v. L&P Builders, Inc.*, 92 Ark. App. 210, 213, 212 S.W.3d 6, 8 (2005).   Bank of America is clearly not a "natural person" within the meaning of Ark. R. of Civ. P. 4(d)(8).  Further, even though Loe included "manager" in the address line, he failed to specify the name of the "manager."  Therefore, Bank of America was not properly served under the Arkansas Rules of Civil Procedure.

However, despite Loe's failure to respect the form of process, the Court finds dismissal inappropriate at this time.  Under 28 U.S.C. § 1448,

> [i]n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be

2

completed or new process issued in the same manner as in cases originally filed in

such district court.

If service is not made "within 120 days after the complaint is filed," a court must dismiss an

action without prejudice.  Fed. R. Civ. P. 4(m).  Here, Loe filed his complaint on September 9,

2013, fewer than 120 days ago.  Because Low still has time to serve Bank of America with

process, his complaint should not be dismissed at this time for insufficient service of process.

*See Whately v. Reconstruct Co. NA*, No. 10-0242, 2010 WL 4916372, at *3 (E.D. Ark. Nov. 23,

2010) (denying Defendant's motion to dismiss for insufficient service of process because

Plaintiff still had time to serve Defendant pursuant to 28 U.S.C. § 1448 and Fed. R. Civ. P.

4(m)).  If Loe fails to serve Bank of America with sufficient process within the 120-day period,

Bank of America may re-file its motion to dismiss at that time.

<u>CONCLUSION</u>

For the reasons stated above, the Court finds that Defendant's Motion to Dismiss (ECF

No. 6) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 3rd day of December, 2013.

<u>/s/ Susan O. Hickey</u>
Hon. Susan O. Hickey
United States District Judge

3